UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOE EVANS, JR. | CIVIL ACTION NO. 3:14CV1035 |
| VERSUS | JUDGE JAMES |
| M.L. SMITH, JR., L.L.C. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Strike declarations made by witnesses used in opposition to Defendant's Motion for Summary Judgment, [doc. # 36], filed by Defendant M.L. Smith Jr., L.L.C.[1] Plaintiff Joe Evans, Jr. opposes the Motion. [doc. # 47]. M.L. Smith Jr., L.L.C. has filed a reply addressing the arguments raised in Joe Evans Jr.'s opposition memorandum and Joe Evans Jr.'s has also filed a sur-reply and an additional exhibit in support thereof. [docs. # 52, 58, 63]. For reasons assigned below, the Motion is **GRANTED**.

**Background**

Plaintiff, Joe Evans, Jr., filed the instant Petition against M.L. Smith Jr. L.L.C. ("M.L. Smith") on April 16, 2014, in the 3rd Judicial District Court, Parish of Lincoln, Louisiana., alleging that M.L. Smith discriminated and retaliated against him on the basis of race. *Id.* Defendant timely removed the proceeding to this Court on the basis of federal question jurisdiction on May 22, 2014. [doc. # 1].

On October 2, 2014, the Court issued a Scheduling Order requiring Plaintiff to deliver his

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

witness list to Defendant by February 27, 2015, and setting the discovery deadline for April 30, 2015. [doc. # 23]. Plaintiff sent his initial disclosures on August 12, 2014, and Defendant sent its initial disclosures on August 14, 2014. [doc. # 49, p. 1, 6]. Plaintiff delivered his Witness and Exhibit Lists to Defendant on February 27, 2015, and Defendant delivered its Witness and Exhibit Lists to Plaintiff on March 11, 2015. *Id.* at 9, 12.

In Defendant's first set of interrogatories, Plaintiff was asked to produce the name and information of each witness Plaintiff may call at trial. *Id.* at 15. Plaintiff responded that discovery was still ongoing, but directed Defendant to Plaintiff's Initial Disclosures. *Id.* at 16. After Plaintiff attempted to depose M.L. Smith's corporate representative, Plaintiff filed a Motion to Compel and a Motion for Extension of Discovery. [doc. # 26]. On April 29, 2015, the Court declined to compel the deposition, but did continue the discovery deadline to August 27, 2015. [doc. # 28]. At the request of Defendant, the deposition of M.L. Smith's corporate representative was not conducted until August 20, 2015, just seven days before the discovery deadline.

On September 11, 2015, Defendant filed a Motion for Summary Judgement seeking to dismiss all of Plaintiff's claims with prejudice. [doc. # 29]. On October 26, 2015, Plaintiff filed an opposition to Defendant's Motion for Summary Judgement and relied on eight declarations of individuals in support of his opposition. [doc. # 35].

On October 27, 2015, Defendant moved to strike five of the eight Witness Declarations submitted by Plaintiff, on the grounds that the witnesses were not properly disclosed during discovery. Specifically, Defendant alleges the following five witnesses were never previously identified in any way: Patrick Meeks [doc. # 35-6], Cadero Singleton [doc. # 35-7], Chaddrick Singleton [doc. # 33-13], Deairio Loggins [doc. # 33-14], and Gregory Drake [doc. # 33-15].

**Standard of Review**

Federal Rule of Civil Procedure 26(a)(1) describes a party's initial disclosure requirements and states that a party must provide to the other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). A party must also disclose a copy "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." *Id.* at (a)(1)(A)(ii). The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* at 26(e)(1)(A).

Rule 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Fifth Circuit has identified four factors that a court should consider in determining whether a violation of Rule 26 is harmless or substantially justified: 1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by granting a continuance; and (4) the party's explanation for its failure to disclose. *Tex. A & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

**Analysis**

Plaintiff does not dispute that his production of the five Witness Declarations was untimely. [*See* doc. # 47]. Instead Plaintiff insists that he should not be sanctioned for violating Rule 26 and this Court's discovery orders because he was substantially justified in not disclosing the five witnesses sooner, and the disclosure is harmless to M.L. Smith. *Id.* In determining whether a violation of Rule 26 is harmless, and thus whether a court should allow the evidence to be used at trial, the court weighs the four factors used in *Tex. A & M. Research Found.*

A.      **Importance of the five Witness Declarations**

Plaintiff insists that the five Witness Declarations in question are relevant to establishing a pattern of treatment towards African-American welders by M.L. Smith. [doc. # 47, p. 8-9]. Plaintiff alleges that the pattern in M.L. Smith's hiring practices of African American welders goes to illustrate the discriminatory motive and intent of M.L. Smith. *Id.* Defendant argues that these declarations of "me too" evidence does not show that M.L. Smith discriminated against Plaintiff. [doc. # 36-1, p. 5].

Defendant is correct that the evidence does not *per se* demonstrate discrimination; however, the evidence is relevant to Plaintiff's allegations of racial discrimination. *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) (although a pattern or practice is not alone sufficient evidence for a claim of racial discrimination, "the past history of both Black and White employees is surely relevant information."). Plaintiff seeks to introduce the witnesses' testimony to support a pattern of discrimination by M.L. Smith and to establish the existence of an oral contract between the parties. [doc. # 35, p. 8, 26]. Although, as Plaintiff concedes, "the evidence in question is cumulative" of other admissible evidence. [doc. # 47, p. 10].

To the extent the five witnesses' testimony proves Defendant's motive and intent, "the

importance of the testimony underscores how critical it was for" the five witnesses to have been timely designated. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Additionally, the importance of proposed testimony cannot "singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). These points, together with the admission by the plaintiff that the testimony is cumulative, mean that the importance factor only slightly weighs against exclusion.

B.      **Prejudice to the Defendant**

Next, Plaintiff argues that Defendant is not prejudiced by admitting the five Witness Declarations. Rather, Plaintiff asserts that Defendant had "long known the identity of the witnesses in question," therefore "Defendant will suffer no prejudice if the 'me too' evidence is included." [doc. # 47, p. 10]. The Defendant contends that allowing the declarations of these five witnesses would be highly prejudicial. [doc. # 36-1, p. 5]. Defendant argues that it has not had an opportunity to depose these witnesses, the discovery deadline has long passed, Defendant's reply brief to Plaintiff's opposition to the Summary Judgement motion has already been submitted and Defendant's trial preparation would be prejudiced by reallocating enough time and resources to depose an additional five witnesses. *Id*; [doc. # 53, p. 3].

Since the five witnesses were not timely designated, Defendant did not have reason to know that Plaintiff intended to call them. Although Defendant was in possession of the hiring information of the five witnesses prior to Plaintiff's late designation, those records do not contain all of the information addressed in the Witness Declarations. [docs. # 35; # 53, p. 2]. Thus possession of their names and hiring information did not alert Defendant to the subject matter contained in the Witness Declarations, nor to Plaintiff's intention to call them as witnesses.

5

The prejudice to Defendant caused by the disclosure of several witnesses less than two months before trial, and well after the close of discovery and the filing of Defendant's dispositive motion, is high. Even a minor delay in complying with disclosure requirements may disrupt an opponent's preparation for trial. *See Geiserman*, 893 F.2d at 791. In this case, the delay is not minor. Defendant clearly would be prejudiced if the declarations of the five witnesses were allowed at this stage of the proceedings. This factor weighs strongly in favor of disallowing their testimony.

### C. Possibility of Curing Prejudice

Plaintiff insists that even if prejudice exists, such prejudice can be cured by allowing Defendant to depose the five witnesses by telephone. [doc. # 47, p. 10]. The Court notes that a continuance might somewhat alleviate the above-cited prejudice; however it would also result in additional delay, increase the expense incurred by all parties to this lawsuit, and require the expenditure of further Court resources. *See Hamburger*, 361 F.3d at 883. Plaintiff never disclosed these witnesses, despite an extension of the discovery deadline. More importantly, Plaintiff has failed to give the Court any reason to believe that a continuance would deter its dilatory behavior in the future. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996). Indeed, "a continuance does not, in and of itself, deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.* (quotation marks omitted). Accordingly, this factor, too, weighs in favor of striking the five Witness Declarations.

### D. Plaintiff's Explanation for Failing to Comply with the Discovery Order

Finally, Plaintiff insists that his late production of the five Witness Declarations was substantially justified. Plaintiff contends that he previously asked Defendant to disclose the

6

identity of the applicants who had applied for the position with M.L. Smith. [docs. # 47, p. 10; # 58-2, p.1].

On August 20, 2015, after several scheduling conflicts, Plaintiff deposed M.L. Smith's corporate representative. [doc. # 47, p. 6]. Plaintiff was able to establish, through the deposition testimony, that "Defendant had custody of its pre-employment applications submitted by individuals applying for a welder's position with Defendant . . . ." *Id.* Upon a request by Plaintiff, Defendant refused the Plaintiff an opportunity to review Defendant's pre-employment application files. *Id.* Plaintiff argues that Defendant's failure to disclose the application information is the reason the five witnesses were never previously identified by Plaintiff. *Id.* at 10.

Due to the impending discovery deadline and the added costs of filing a motion to compel, Plaintiff states he decided to try to find out the names of the other applicants who applied for the welder's job on his own. *Id.* However this does not constitute a reasonable excuse for Plaintiff's failure to comply with the discovery order. As Defendant notes, the proper mechanism for compelling a party's production of information is a motion to compel. [doc. # 53, p. 2]. Instead, Plaintiff conducted an investigation into the identities of the other welding applicants after the close of discovery. *Id.* In addition, Plaintiff was under a duty, both before and after the close of discovery, to supplement his Rule 26(a) disclosures in a timely manner. FED. R. CIV. P. 26(e). Plaintiff failed to do so.

Moreover, Plaintiff also states that his failure to timely disclose the five witnesses was due to the fact that he was unaware of these potential witnesses until Mr. Donald Shambro's deposition on March 3, 2015. [doc. # 47, p. 3]. Plaintiff was therefore on notice of these potential

7

witnesses on March 3, 2015, yet did not pursue identifying these individuals until after the discovery deadline had passed. "A party is not excused from making its disclosures because it has not fully investigated the case." FED. R. CIV. P. 26(a)(1)(E). Thus, Plaintiff's failure to identify at an earlier stage of the litigation the individuals who applied for a welder's position with Defendant has not been adequately explained. Accordingly, this Court determines that the fourth factor also weighs in favor of striking the five Witness Declarations.

In sum, having weighed the factors, the Court finds that the Witness Declarations from the previously undisclosed witnesses[2] must be stricken from the record.

### Conclusion

For these reasons,

**IT IS ORDERED** that M.L. Smith's motion to strike the five Witness Declarations [doc. # 36] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE FROM THE RECORD** Patrick Meeks's [doc. # 35-6], Cadero Singleton's [doc. # 35-7], Chaddrick Singleton's [doc. # 35-13], Deairio Loggins's [doc. # 35-14], and Gregory Drake's [doc. # 35-15] Witness Declarations.

In Chambers, at Monroe, Louisiana, this 7th day of December 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE.

---

[2] Patrick Meeks [doc. # 35-6], Cadero Singleton [doc. # 35-7], Chaddrick Singleton [doc. # 35-13], Deairio Loggins [doc. # 35-14], and Gregory Drake [doc. # 35-15].